# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ALIDA DIAZ-COLON,**

        **Plaintiff,**

**v.**                                                    **Case No:  6:19-cv-2234-Orl-41DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Unopposed Motion for Entry of Judgment with Remand (Doc. 19)** |
| **FILED:** | **March 18, 2020** |
| **THEREON** it is **Recommended** that the motion be **GRANTED**. | |

On March 18, 2020, the Commissioner filed an unopposed motion for entry of judgment with remand. Doc. 19 (the Motion). In the Motion, the Commissioner explains that "[t]his case is similar to the dozens of cases challenging redeterminations of entitlement to benefits under section 205(u) of the Social Security Act (the Act), 42 U.S.C. § 405(u), that have been pending in the District of Puerto Rico." Doc. 19 at 1. In sum, the Commissioner is requested remand with certain, specified conditions because "evidence in Plaintiff's case was disregarded without a referral from the Office of the Inspector General pursuant to section 1129(l) of the Act, 42 U.S.C. § 1320a-8(l), or from a Federal or State prosecutor, yet Plaintiff was not offered the opportunity

to rebut the exclusion of evidence at her hearing before an administrative law judge (ALJ)." Doc. 19 at 3.  The Motion is unopposed.

Upon due consideration, the undersigned respectfully **RECOMMENDS** that the Commissioner's Motion (Doc. 19) be **GRANTED** as follows:

1) The case be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g);

2) Claimant's benefits be reinstated from the date of the ALJ's decision in Claimant's case (subject to the agency's rules on eligibility for payment) and to continue until the Commissioner issues a new final decision;

3) The Commissioner be directed to withhold 25% of any past-due benefits for the payment of potential attorney's fees;

4) The Commissioner be directed to suspend any pending overpayment collection process until it has been determined through a valid hearing that Plaintiff is not entitled to disability benefits; and

5) The Clerk be directed to enter judgment in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993).

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 18, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy